

**FILED**

**JAN 2 2 2018**

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RONALD JOHNSON,<br><br>Petitioner,<br><br>vs.<br><br>ED LESTER, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-90-BU-BMM-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On December 4, 2017, Petitioner Ronald Johnson, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Johnson, a state prisoner proceeding pro se, seeks to challenge actions that have occurred in the Montana Second Judicial District Court, Butte-Silverbow County.

I.  **28 U.S.C. § 2254 Petition**

Johnson's petition alleges that he pled guilty to a single count of felony Embezzlement in July of 2017. (Doc. 1 at 3).[1] Johnson states that no date has yet been set for his sentencing and that he has been waiting to be sentenced for more than 120 days. *Id.* at 2-3. Johnson asserts an unreasonable sentencing delay has

---

[1] *See also* (Doc. 1-2) (indicating that the trial court issued an Order for Pre-Sentence Investigation on July 21, 2017).

1

occurred and cites various Montana statutes and state constitutional provisions in support of his claim. *Id.* at 4, ¶13(A)); 5, ¶13(B)(i). Johnson explains that he attempted to file a motion requesting sentencing with the trial court; the motion was returned to him. *See Id.* at 5, ¶13(B)(v); *see also* (Doc. 1-2). Johnson also requested his retained counsel file a state habeas petition on his behalf, but Johnson was advised the work would require payment of an additional fee. (Doc. 1-2 at 1). Johnson requests this Court to "force" the Second Judicial District Court, Honorable Brad Newman, to sentence him without further delay. (Doc. 1 at 7, ¶16).

As an initial matter, this Court is aware that there is apparently an ongoing delay in the sentencing hearings taking place in the Second Judicial District. Johnson's is not the first petition filed with this Court raising similar claims.[2] But, like the other petitions before his, Johnson's cannot proceed because a federal constitutional right has not been violated.

Johnson cites only Montana statutes and the Montana Constitution in support of his claim of unreasonable delay at sentencing. But a habeas claim is cognizable only when it is based upon the ground that an individual is "in custody

---

[2] *See Stevens v. Skuletich*, CV-17-53-BU-BMM-JCL (D. Mont. Judg. entered Oct. 18, 2017); *Stevens v. McTighe*, CV-18-01-BU-BMM-JCL, Find. and Rec. (entered Jan. 9, 2018); *Kelledy v. Lester*, CV-17-87-BU-DLC-JCL, Find. and Rec. (entered Jan. 10, 2018).

in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not for alleged errors in the interpretation or application of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Generally state sentencing matters are not cognizable in federal habeas. "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994).

Even if Johnson had advanced a federal speedy trial or due process violation based upon the delay in sentencing, those claims, too, would fail. The Supreme Court has held that there is no right to a "speedy sentencing" under the federal constitution. "[T]he [speedy trial] guarantee protects the accused from arrest or indictment through trial, but does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges." *Betterman v. Montana*, 136 S. Ct. 1609, 1612 (2016). "As a measure protecting the presumptively innocent, the speedy trial right- like other similarly aimed measures- loses force upon conviction." *Id.* at 1614. Thus, Johnson has no federal constitutional speedy trial right to a timely sentencing.

In dicta, Justice Sotomayor observed "[f]or inordinate delay in sentence, although the Speedy Trial Clause does not govern, a defendant may have other recourse, including, in appropriate circumstances, tailored relief under the Due Process Clauses of the Fifth and Fourteenth Amendments." *Id.* at 1612. But the

3

question of a potential due process right for sentencing delay remains "an open one." *Id.* at 1619. Despite the dicta of Sotomayor's concurrence, at this point in time there is no clearly recognized federal due process claim for unreasonable sentencing delay. Thus, even if Johnson was attempting to advance a federal due process violation, such a claim is not cognizable in federal habeas at this juncture. Because Johnson has not advanced a cognizable federal claim, his petition should be denied for lack of merit.

## II.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Johnson has not made a substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to encourage further proceedings in this Court at this time. A certificate of

appealability should be denied.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be **DENIED** for lack of merit.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Johnson may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Johnson must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 22nd day of January, 2018.

/s/s Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Johnson is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

5